IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Michael Isreal,                        :

        Plaintiff,                     :

    v.                                 :Case No. 2:17-cv-116

                                       :CHIEF JUDGE EDMUND A. SARGUS, JR.
Judge Michael Holbrook, et al., Magistrate Judge Kemp

        Defendants.                    :


## REPORT AND RECOMMENDATION

Michael Isreal, proceeding pro se, filed this action on February 7, 2017, naming as defendants Franklin County Common Pleas Court Judge Michael Holbrook and Franklin County Clerk of Court Maryellen O'Shaughnessy.  Defendants have moved to dismiss Mr. Isreal's complaint and Mr. Isreal has responded.  For the following reasons, the Court will recommend that the motion to dismiss be granted.

## I.  Mr. Isreal's Claim

As noted, Mr. Isreal filed his original complaint on February 7, 2017.  According to the Court's docket, service was executed as to Judge Holbrook on February 15, 2017.  The Court's docket does not reflect service on Ms. O'Shaughnessy.  On March 2, 2017, Mr. Isreal filed an amended complaint.  The original complaint stated, in its entirety:

> On February 3, 2016, Plaintiff Isreal filed a freedom of information request with the common pleas court requesting (2) cd copys filed with the court.  As of February 7, 2017, only (1) cd has been transmitted to the court of appeals.  Judge Holbrook has denied Plaintiff Isreals motion for a complete record to be transmitted to the court of appeals.
>
> Note: Judge Holbrook dismissed Isreals case on

February 9, 2016, however, he still is denying Isreal's
rights to full discovery.  See the attached exhibits
leading up to the present.

RELIEF SOUGHT

Plaintiff Isreal request of this court to allow the
freedom of information request to be completed.

Mr. Isreal attached 47 pages of exhibits to his original
complaint.

Mr. Isreal's amended complaint contains the following
additional allegations.  Initially, Mr. Isreal describes a slip
and fall negligence case he filed against State Auto.
Apparently, in connection with that case, State Auto refused to
provide a CD to Mr. Isreal.  According to Mr. Isreal, this CD was
supposed to show the slip and fall incident that occurred on
February 15, 2010.  Ultimately, Mr. Isreal obtained a copy of the
CD from defense counsel and filed it with the Franklin County
Court of Common Please Clerk's office.

Further, Mr. Isreal describes a hearing directed to motions
to compel held at his request before Judge Holbrook.  Mr. Isreal
explains that a court reporter was present but did not record the
proceeding.  Mr. Isreal, however, recorded that proceeding on his
phone, had it transcribed, and filed 2 CDs with the Clerk's
office.

Finally, Mr. Isreal alleges that, shortly after the filing,
Judge Holbrook signed out the CDs from the file room.  According
to Mr. Isreal, only one of these CDs has been transmitted to the
Court of Appeals.  Mr. Isreal seeks $1.5 million dollars in
damages for the denial of his right to public information.  Mr.
Isreal attaches 49 pages of exhibits to his amended complaint,
many of which are duplicates of the documents attached to his
original complaint.

Mr. Isreal's response to the motion to dismiss contains

additional clarification of his claim.  Following a brief introduction in which he cites 42 U.S.C. §1983 as the basis for his claim, Mr. Isreal provides the following information stated here as he explains it in a section captioned as "Walking Up the Justice Trail."

On February 3, 2016, August 29, 2016, Plaintiff Isreal filed a Freedom of Information Request with the common pleas court requesting (2) cd copy's filed with the franklin county common pleas court.  On January 25, 2017, Isreal filed a Public Information Request with Ron O'brien asking him to compel the clerk Maryellen O'Shaughnessy to "MAKE AVAILABLE THE FOLLOWING PUBLIC RECORDS PURSUANT TO OHIO REVISED CODE ANN. 149.43 WITHELD SINCE 2016."

1.  A copy of the original CD handed to plaintiff Isreal on October 25, 2012 by Anna Wachtell.  See filing of cd on October 25, 2012.

2.  The second missing Status conference CD filed with the Common Pleas Court.

...  See Judge Holbrook's January 30, 2017 denying Isreal's Public Information request addressed to Ron O'Brien the Franklin County Prosecutor.  Ron O'Brien has not responded to Isreal's Public Information Request.

As of March 31, 2017, only (1) cd has been transmitted to and from the court of appeals.  See record of (1) cd being transmitted to the court of appeals on _____ then returned to the franklin county common pleas clerk on_____.  See attached:

1.  Isreal's Public Information Request

2.  Judge Holbrooks Deny Isreal's Public Information request,

3.  Sign in, sign out Public Record forms with the clerks entrys.

Isreal's Public Information Request and Judge Holbrooks denials.

Defendants have moved to dismiss Mr. Isreal's claims on two
grounds.  First, Defendants contend that they are entitled to
judicial immunity.  Further, they contend that, to the extent
that Mr. Isreal is seeking review of a state court decision, his
claim is barred by the Rooker-Feldman doctrine.

## II.  The Motion to Dismiss

### A.  Rule 12(b)(6)

Defendants have moved to dismiss under Rule 12(b)(6) on
grounds of judicial immunity.  A motion to dismiss under Fed. R.
Civ. P 12(b)(6) should not be granted if the complaint contains
"enough facts to state a claim to relief that is plausible on its
face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).
All well-pleaded factual allegations must be taken as true and be
construed most favorably toward the non-movant.  Scheuer v.
Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d
461, 466 (6th Cir. 2009).  Rule 8(a) admonishes the Court to look
only for a "short and plain statement of the claim," however,
rather than requiring the pleading of specific facts.  Erickson
v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the
complaint and any exhibits attached to it. Roth Steel Products v.
Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).  The
merits of the claims set forth in the complaint are not at issue
on a motion to dismiss for failure to state a claim.
Consequently, a complaint will be dismissed pursuant to Fed. R.
Civ. P. 12(b)(6) only if there is no law to support the claims
made, or if the facts alleged are insufficient to state a claim,
or if on the face of the complaint there is an insurmountable bar
to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697,
702 (6th Cir. 1978).  Rule 12 (b)(6) must be read in conjunction
with Fed. R. Civ. P. 8(a) which provides that a pleading for
relief shall contain "a short and plain statement of the claim
showing that the pleader is entitled to relief."  5A Wright &
Miller, Federal Practice and Procedure § 1356 (1990).  The moving

party is entitled to relief only when the complaint fails to meet this liberal standard. _Id_.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. _Scheid v. Fanny Farmer Candy Shops, Inc._, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under _some_ viable legal theory." _Id_. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high
> standard; we recognize the policies behind rule 8 and
> the concept of notice pleading. A plaintiff will not
> be thrown out of court for failing to plead facts in
> support of every arcane element of his claim. But when
> a complaint omits facts that, if they existed, would
> clearly dominate the case, it seems fair to assume that
> those facts do not exist."

_Id_. It is with these standards in mind that the motion to dismiss will be decided.

Turning to the doctrine of judicial immunity, as a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts. "It is well-established that judges of courts of general jurisdiction are immune from liability for their judicial acts.... Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute." _Sparks v. Kentucky Character & Fitness Committee_, 818 F.2d 541, 542 (6th Cir. 1987), _vacated_, 484 U.S. 1022 (1988), _aff'd on reconsideration_, 859 F.2d 428 (6th Cir. 1988), _citing Bradley v. Fisher_, 80 U.S. (13 Wall.) 335 (1871); _Stump v. Sparkman_, 435 U.S. 349 (1978); _King v. Love_, 766 F.2d 962 (6th Cir.), _cert. denied_ 474 U.S. 971 (1985).

_Bradley_ stands for the proposition that, at common law, a judge enjoys absolute immunity from the consequences of judicial acts, premised upon the concern that if such immunity were not available, judges would constantly be the subject of lawsuits by

unsuccessful or dissatisfied litigants, and that the risk of personal liability and the interference with a judicial function posed by the availability of such lawsuits would make it impossible either for judges to carry out their functions or to encourage persons to become judges in the first instance. That common-law principle was extended to liability under 42 U.S.C. § 1983 by Pierson v. Ray, 386 U.S. 547 (1967). As more completely explained in Stump v. Sparkman, supra, the immunity does not disappear even if the judicial act "was in error, was done maliciously, or was in excess of [the judge's] authority"; liability attaches only to acts taken in the "'clear absence of all jurisdiction.'" Id. at 356-57, quoting Bradley v. Fisher, supra.

If a judge acts in some capacity other than a judicial capacity, judicial immunity does not apply. Forrester v. White, 484 U.S. 219 (1988); see Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990)("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that a judge may perform"). It is not always clear which acts of a judge are "judicial" and which are not. The test is a functional one. The court must consider the nature of the act, not the identity of the actor. "Any time an action taken by a judge is not an adjudication between parties, it is less likely that the act is a judicial one." Morrison v. Lipscomb, 877 F.2d 463, 466 (6th Cir. 1989). However, if the act helps to determine the rights and liabilities of parties to a lawsuit, it may be a judicial act even if it does not fall into the traditional category of deciding a case.

Once the court determines that an act is of a judicial nature - that is, one ordinarily performed by a judge - and the persons dealing with the judge reasonably understand his actions to have been so performed, unless there is unequivocal proof that

-6-

the judge acted in the clear absence of all jurisdiction, he or she is absolutely immune from a suit for money damages brought under § 1983.

Mr. Isreal's allegations, liberally construed in his favor, suggest that his claim arises from Judge Holbrook's actions in denying a public information request.  The resolution of a motion is an act typically performed by a judge.  To this extent, Mr. Isreal dealt with Judge Holbrook in his judicial capacity. Further, as the Common Pleas Judge assigned to Mr. Isreal's case, Judge Holbrook's actions cannot be said to have been taken in the complete absence of jurisdiction.  Consequently, Judge Holbrook is entitled to judicial immunity and the motion to dismiss will be granted on this ground.

This is so despite Mr. Isreal's citation in his response to language in an order issued by Judge Holbrook on February 19, 2013, in Mr. Isreal's case against G-Core Automotive.  That language indicates that, because the case had been dismissed for Mr. Isreal's failure to prosecute, the court lacked jurisdiction to consider a motion.  To the extent that Mr. Isreal believes this language suggests Judge Holbrook was acting without jurisdiction and cannot be shielded by judicial immunity, he is mistaken.  A "court has jurisdiction to determine its own jurisdiction."  <u>Michigan Head Start Directors Ass'n v. Butz</u>, 397 F.Supp. 1124, 1131 (W.D. Mich. 1975).  Consequently, the language of that order cannot be read to support any conclusion that Judge Holbrook was acting beyond his jurisdiction in that particular action or with respect to Mr. Isreal's public information request.

Turning to Mr. Isreal's claims against Ms. O'Shaughnessy, his filings do not explain specifically how she was involved in any alleged violation of his rights.  While courts construe pro se complaints liberally, such complaints must satisfy basic

pleading requirements.  <u>Gilmore v. Corrections Corp. of America</u>,
92 Fed.Appx. 188, 190 (6th Cir. 2004).  "Merely listing names in
the caption of the complaint and alleging constitutional
violations in the body of the complaint is not enough to sustain
recovery under §1983."  <u>Id</u>.  Moreover, at most, Mr. Isreal's
allegations suggest that such a claim could only be directed to
her in her role as the Clerk of Court as it related to executing
Judge Holbrook's order.  Court officers also enjoy absolute
immunity from suit on claims arising out of their performance of
judicial or quasi-judicial functions.  <u>Foster v. Walsh</u>, 864 F.2d
416, 418 (6th Cir. 1988); <u>see</u> <u>also</u> <u>Lyle v. Jackson</u>, 49 Fed.Appx.
492 (6th Cir. 2002)(court clerks entitled to quasi-judicial
immunity for alleged failure to provide copies of filing and
transcripts).  Consequently, the motion to dismiss will be
granted as to Ms. O'Shaughnessy.

Finally, there is some suggestion in Mr. Isreal's initial
filing that he is requesting that this Court direct the state
court to comply with his public information request.  The Court
is without any authority to do so.  <u>See</u> <u>Leisure v. Bettis</u>, 248
F.3d 1149 (Table), 2000 WL 1720542 (6th Cir. Nov. 7,
2000)("federal courts have no authority to issue a writ of
mandamus directing a state court or its judicial officers in the
performance of their duties").

Because the Court is recommending dismissal of Mr. Isreal's
claim on grounds of judicial immunity, it will not consider
Defendant's alternative argument for dismissal.

III. Recommendation

For the reasons stated above, the Court recommends that the
motion to dismiss (Doc. 6) be granted.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that
party may, within fourteen days of the date of this Report, file

and serve on all parties written objections to those specific
proposed findings or recommendations to which objection is made,
together with supporting authority for the objection(s).  A judge
of this Court shall make a <u>de</u> <u>novo</u> determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made.  Upon proper
objections, a judge of this Court may accept, reject, or modify,
in whole or in part, the findings or recommendations made herein,
may receive further evidence or may recommit this matter to the
magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object
to the Report and Recommendation will result in a waiver of the
right to have the district judge review the Report and
Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the
right to appeal the decision of the District Court adopting the
Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140
(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge